IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LISA FELICIANO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14cv1218 (LMB/TRJ) |
| | ) | |
| THE REGER GROUP, and | ) | |
| MANUFACTURING INDUSTRIAL | ) | |
| BASE POLICY, | ) | |
| | ) | |
| Defendants. | | |

MEMORANDUM OPINION

Before the Court are defendants' Motions to Dismiss [Dkt. Nos. 24, 31]. For the reasons that follow, those motions will be granted.

I. BACKGROUND

Plaintiff, pro se, Lisa Feliciano ("plaintiff" or "Feliciano") was an employee working for defendant The Reger Group ("Reger"), a firm which supplies staffing to federal government agencies. Reger assigned plaintiff to a position supporting Manufacturing Industrial Base Policy ("MIBP" or, collectively with Reger, "defendants"). That office, which is located in the Mark Center in Arlington, Virginia, is an agency within the Department of Defense ("DoD"). Complaint [Dkt. No. 1] ¶ 1. Feliciano alleges that she was "wrongly fired, discriminated, and defamed" when she "got sick at work [and] was out for a week." Id. ¶ 2. Feliciano alleges that she spoke with her director at Reger regarding short term disability, but was then fired "because of [her] color, being slender, and [being] of Puerto Rican descent." Id. While supporting MIBP, Feliciano alleges that a government employee defamed her by "stating that [she was] a terrorist." Id. Feliciano seeks $10 million for lost earnings, pain, and suffering as the result of defendants'

wrongful termination, defamation, violations of Title VII, and violations of the Americans with Disabilities Act ("ADA").

As defendants explain in their motions to dismiss, this is not the first time that Feliciano has attempted to pursue these claims against these two defendants. On December 23, 2013 Feliciano filed a complaint in this court alleging defamation, an unspecified civil rights violation under Title VII, wrongful termination, and personal injury. Memorandum in Support of MIBP's Motion to Dismiss [Dkt. No. 32] ("MIBP's Br.") Ex. 1 ("First Complaint") ¶ 2.

That complaint was dismissed on March 7, 2014 on the ground that Feliciano did not describe her allegations with enough detail. MIBP's Br. Ex. 2 ("First Dismissal) at 2-3.[1] Feliciano appealed that decision; however, the Fourth Circuit affirmed the dismissal. Feliciano v. Reger Group, 573 F. App'x 301 (4th Cir. June 2, 2014). Two months later, on August 1, 2014, Feliciano filed a second complaint against the same two defendants, alleging the same causes of action – defamation, Title VII, and wrongful termination – although with a few more factual details and adding a claim under the ADA. MIBP's Br. Ex. 3 ("Second Complaint") ¶ 2. Much of the four-page second complaint simply quoted from statutes. See id. The second complaint was summarily dismissed without prejudice on September 10, 2014, after Feliciano applied to proceed in forma pauperis. MIBP's Br. Ex. 4 ("Second Dismissal"). The dismissal order explained that Feliciano did not provide enough factual detail to allege any plausible claim. Id. at 6. Six days after that dismissal, Feliciano filed the instant complaint which is identical to the

---

[1] For a lawsuit to go forward, a plaintiff must allege enough facts in her complaint that her claims of injury are plausible. For example, a plaintiff cannot merely assert that she was "defamed," she must state in her complaint exactly what was said, where, and by whom. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The focus is on the complaint, and not on other documents that the plaintiff has filed. So, for example, an opposition to a motion to dismiss is not considered in evaluating whether the plaintiff provided enough detail in the complaint.

second complaint. No new factual allegations were added. Compare [Dkt. No. 1] with second complaint.

## II. DISCUSSION

Defendants have moved to dismiss the Complaint, arguing that Feliciano's claims are barred because she has brought substantially similar allegations against the same defendants before, which were previously adjudicated.[2] MIBP's Br. at 13-14; The Reger Group, LLC's Memorandum in Support of Motion to Dismiss [Dkt. No. 25] ("Reger's Br.") at 3-6. Defendants also argue that some of Feliciano's allegations are time-barred, not legally viable, and continue to not allege plausible causes of action. MIBP's Br. at 5-13; Reger's Br. at 6-12. In addition to seeking dismissal of the complaint, Reger also requests an award of attorney's fees for defending the current lawsuit, arguing that Feliciano's claims are frivolous in light the dismissal of her two previous complaints. Reger's Br. at 12-13.

### A. Res Judicata

"A final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The res judicata doctrine exists to conserve resources: if issues in a lawsuit were resolved previously, forcing people to argue them again is a waste of time and money. Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161-62 (4th Cir. 2008). If the issue was decided previously, then the parties are bound by the previous result. Id. For res judicata to apply, (1) the parties must be the same or closely-related to the original parties; (2) the current claim must be substantially the same as that in the previous lawsuit; and (3) the earlier lawsuit must have resulted in a final judgment on the merits. Shoup v. Bell & Howell Co., 872 F.2d

---

[2] This concept is called "res judicata."

1178, 1179 (4th Cir. 1989). Res judicata applies both to allegations which were brought, and allegations which could have been brought, in the previous suit. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

All of Feliciano's allegations meet the requirements of res judicata. This is the third time she has filed a case naming both Reger and MIBP as defendants; therefore, the first element is met. Feliciano alleged wrongful termination, defamation, and a Title VII violation in her first complaint, as she does here. Although she did not originally allege an ADA violation in her first complaint, the instant alleged ADA violation arises from the same conduct that gave rise to her other alleged injuries, and therefore could have been brought in the previous suit. This means that the second element is met. Finally, the dismissal of plaintiff's first complaint,, and subsequent affirmance of that dismissal by the Fourth Circuit, is an adjudication on the merits, McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009); therefore the third element is met.

Because all of Feliciano's allegations either were brought or could have been brought in her 2013 complaint against the same parties, and those allegations were adjudicated on the merits, res judicata applies and Feliciano's complaint will be dismissed.

### B. Time Bar

Plaintiff's claims under Title VII and the ADA based on allegations of discrimination or retaliation are time-barred. Although not included in her complaint, Feliciano attaches as Exhibit A to her Opposition to Reger's Motion to Dismiss [Dkt. No. 30] ("Opposition to Reger") a Right to Sue letter from the Equal Opportunity Employment Commission ("EEOC").[3] The letter was dated January 30, 2014, and states that any lawsuit under Title VII or the ADA "must be filed

---

[3] As defendants note, the face of Feliciano's complaint does not indicate that she exhausted her administrative remedies. Giving her the benefit of the doubt, her Right to Sue letter will be considered. Even so, it is unclear from the fact of the letter which claims she exhausted.

4

within 90 days" of receipt or Feliciano's "right to sue based on this charge will be lost." Opposition to Reger Ex. A. That 90 day period ended on April 30, 2014. The immediate predecessor to the instant complaint was filed on August 1, 2014, and the pending complaint was filed on September 16, 2014. Both complaints were filed well after the 90-day period for filing suit. Accordingly, even if Feliciano had pleaded facts supporting a Title VII or ADA violation, that claim would have to be dismissed as time-barred.

### C. **Defamation**

To state a claim for defamation, a plaintiff must plausibly allege "(1) publication, (2) of an actionable statement with (3) the requisite intent." Echtenkamp v. Loudon Cnty. Pub. Schs., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003). Feliciano alleges that she "heard a Government Employee stat[e] that [she was] a terrorist" and that therefore she was defamed. Complaint ¶ 2. "'Defamation' is simply Virginia's term for libel and slander." Jordan v. Donahoe, No. 3:12-cv-759, 2013 WL 2950516, at *4 (E.D. Va. June 13, 2013). Lawsuits against the federal government are limited by law to only those types of cases for which the federal government agrees it may be sued. "The basic rule of federal sovereign immunity is that the United States cannot be sued . . . without the consent of Congress." Block v. North Dakota, 461 U.S. 273, 287 (1983). Congress has not waived sovereign immunity for claims "arising out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. 2860(h). Because Congress has not authorized defamation claims against the United States, and Feliciano alleges that it was a government employee who made the allegedly defamatory statement, the defamation claim against MIBP is barred by sovereign immunity, even assuming that Feliciano provided enough detail in her complaint to make out a proper claim, which she has not.

Feliciano does not allege that any person at Reger defamed her, instead specifically alleging that a "government employee" made the alleged statement. Accordingly, her defamation claim against Reger will be dismissed as well.

### D. Wrongful Termination

"Virginia strongly adheres to the common-law employment-at-will doctrine," Lawrence Chrysler Plymouth Corp. v. Brooks, 251 Va. 94, 96 (1996), with "certain very narrow exceptions." Id. at 97. One exception is when a termination violates "the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." Miller v. SEVAMP, Inc., 234 Va. 462, 468 (1987).

Feliciano has not pleaded that MIBP was her employer; accordingly, she has not adequately alleged wrongful termination by MIBP. Feliciano has alleged that Reger was her employer, but does not identify in her complaint any statute that Reger violated in terminating her.[4] Accordingly, Feliciano has not pleaded a plausible claim of termination in violation of public policy, as required by Virginia law, and this claim will be dismissed.

### E. Jury Trial Demand

Feliciano often references this Court's October 27, 2014 Order, [Dkt. No. 20], which granted her request for a jury trial. See, e.g., Opposition to Reger at 3, 6. Feliciano seems to misunderstand this order as guaranteeing her a trial by jury of all issues in her complaint; instead, the order merely recognized that Feliciano was requesting trial by jury, instead of a trial by the bench. That order did not in any respect establish the validity of plaintiff's complaint.

---

[4] In her opposition, Feliciano argues that Reger has violated the Virginia Human Rights Act, Opposition to Reger at 4; however, a wrongful termination claim cannot be based upon an alleged violation of the Virginia Human Rights Act. Conner v. Nat'l Pest Control Ass'n, Inc., 257 Va. 286, 289 (1999).

### F. Attorney's Fees

Reger argues that it is entitled to recover its attorney's fees and costs because the complaint is frivolous in light of the two previous dismissals. See McGlothlin v. Murray, 54 F. Supp. 2d 629, 633-34 (W.D. Va. 1999). In deference to the pro se plaintiff's financial condition, the Court will not award attorney's fees; however, plaintiff must understand that she cannot continue to file repetitive complaints that have no basis in law. Continuing to do so may justify an award of attorney's fees and costs to reimburse defense counsel's expenses.

### III. CONCLUSION

For the reasons stated above, defendants' Motions to Dismiss [Dkt. Nos. 24, 31] will be granted by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 25 day of November, 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge